| | | |
|---|---|---|
| **RNK, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | No. _____ |
| | ) | |
| **ALLBRANDS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT

RNK, LLC respectfully submits its Verified Complaint against AllBrands, LLC as follows:

### PARTIES

1.    RNK, LLC, ("RNK") is a Tennessee limited liability company whose principal place of business is located at 2562 Western Avenue, Knoxville, Tennessee 37921.

2.    AllBrands, LLC ("AllBrands") is a Louisiana limited liability company whose principal place of business is 3101 Darlrymple Drive, Baton Rouge, Louisiana 70802. AllBrands may be served with process through its registered agent, John Douthat at 20415 Highlands Road, Baton Rouge, Louisiana 70817.

3.    The basis of jurisdiction is diversity of citizenship and the amount in controversy exceeds $75,000.

### FACTS

### RNK's Business

4.    RNK promotes, markets and sells thread, backing, embroidery hardware and other sewing, quilting and embroidery products to independent dealers and retailers of sewing products in the United States and internationally.

5. RNK organizes and conducts seminars for its dealers and retailers for their customers. RNK provides speakers and educators to show customers the most current trends and uses of sewing, quilting and embroidery products. Then, the customers purchase products from the dealers, so it is an excellent source of business for the dealers and retailers. RNK, over the years, has become a recognized leader in the industry.

6. RNK is the entity permitted to license the use of "Floriani" as a trademark or trade name and which developed methods for digitizing embroidery patterns. Walter Floriani is well known to persons with knowledge in the embroidery industry.

7. RNK entered into a relationship with AllBrands as an independent contractor in October of 2007. A copy of the Dealer Agreement is attached as *Exhibit A,* as well as the RNK Advertising Policy Agreement, attached as *Exhibit B*.

8. The Dealer Agreement required AllBrands to advertise Floriani digitizing software and stock Floriani software product lines ("Floriani software"). The Advertising Policy Agreement required that, upon termination of the Dealer Agreement, AllBrands shall completely remove from its website and other media all information about the Branded Product, as defined by Paragraph 1 as any products branded in any way with "RNK" or "Floriani" or any other brand name.

9. RNK had a Joint Venture Agreement with Action Tapes, Inc. d/b/a G7 Solutions ("G7") whereby G7 provided software for the Floriani digitizing software. The Joint Venture Agreement was terminated in May of 2014. G7 and Great Notion News, Inc. d/b/a Designs in Machinery Embroidery d/b/a DIME ("DIME") entered into an agreement to provide DIME Inspirations software in direct competition with the Floriani software.

10. Litigation ensued in Texas ("Texas Litigation") between G7, DIME and RNK, and the parties entered into a Compromise Settlement Agreement and Release dated June 2,

2

2014. The Compromise Settlement Agreement and Release allowed RNK to continue selling the then current brand of Floriani software until August 1, 2014. In addition, by August 1, 2014, RNK provided its Floriani Dealers and Customers with an update for the new version of Floriani software. G7 could not market or sell the DIME Inspirations software until August 1, 2014.

11.     Since June 2, 2014, RNK has returned to Court on two separate occasions because of G7's violations of the requirements of the Compromise Settlement Agreement and Release. G7 is required to use only certain wording in their advertising and marketing regarding the Inspiration software.

12.     In addition, until February 1, 2015, G7 is prohibited from comparing the Inspiration software to Floriani software, including features and functions of either program. Until June 2, 2015, G7 is prohibited from disparaging Floriani software or RNK.

13.     On February 20, 2014, RNK advised AllBrands that it was in violation of the Dealer Agreement and Advertising Policy Agreement and demanded that AllBrands take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement. A copy of that notice is attached as *Exhibit C*.

14.     AllBrands failed to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement, and as a result, RNK sent AllBrands notice on August 21, 2014 that the Dealer Agreement and Advertising Policy Agreement were terminated. A copy of that Notice is attached as *Exhibit D*.

15.     The August 21, 2014 notice advised AllBrands that it was to cease and desist from using the Floriani trademark by removing all iterations of the trademark from its website, its retail locations and from any social media under the dominion or control of AllBrands.

16.     AllBrands has failed to do so as evidenced by the attached www.allbrands.com website printout as *Exhibit E.*

3

17. Specifically, AllBrands is advertising the DIME Inspirations software and advising customers and potential customers for each DIME Inspirations software that it "replaces Floriani" software and that the "new" meaning RNK's new Floriani software, released on August 1, 2014, "does not have that capability."

18. AllBrands' references to the Floriani software are in violation of the Advertising Policy Agreement, and their conduct is causing irreparable harm to RNK.

19. AllBrands is effectively allowing G7 to advertise in a manner prohibited by the Compromise Settlement Agreement and Release, and this Court should restrain AllBrands from using references to Floriani software on its website or comparing Inspirations software features and functions to Floriani software.

## COUNT 1

## TEMPORARY RESTRAINING ORDER

20. The allegations contained in Paragraphs 1-19 are incorporated herein by reference.

21. Pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure, RNK has demonstrated a likelihood of success on the merits and that it will suffer irreparable harm if the injunction is not issued.

22. Issuance of a TRO will not cause substantial harm to AllBrands if it is issued.

23. The issuance of a TRO will serve the public interest.

24. Issuance of a TRO before a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure is proper.

25. The Court should enter a TRO prohibiting AllBrands from making or using any references to Floriani software either on its website or to customers, potential customers or third

4

parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement.

## COUNT 2

## PRELIMINARY INJUNCTION

26.     The allegations contained in Paragraphs 1-25 are incorporated herein by reference.

27.     Pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure, RNK has demonstrated a likelihood of success on the merits and that it will suffer irreparable harm if the preliminary injunction is not issued.

28.     Issuance of a preliminary injunction will not cause substantial harm to AllBrands if it is issued.

29.     The issuance of a preliminary injunction will serve the public interest.

30.     The harm to RNK will be irreparable because AllBrands is effectively allowing G-7 to compete in a manner prohibited by the Compromise Settlement Agreement and Release in the Texas Litigation.

31.     The Court should enter a preliminary injunction prohibiting AllBrands, LLC from making or using any references to Floriani software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement.

## COUNT 3

## BREACH OF CONTRACT

32.     The allegations of Paragraphs 1-31 are incorporated herein by reference.

33.     AllBrands has breached the Dealer Agreement and Advertising Policy Agreement between it and RNK.

5

34.     RNK has suffered damages in an amount to be proved at trial as a direct and proximate result of AllBrands' actions.

## COUNT 4

## VIOLATION OF THE LANHAM ACT

35.     The allegations of Paragraphs 1-34 are incorporated herein by reference.

36.     RNK owns the trademarks for Floriani Total Control, Floriani Cut-All, Floriani (multiple), and Villa Floriani as evidenced by the registrations attached hereto as *Exhibit F*.

37.     AllBrands use of the "Floriani" marks is in violation of the Lanham Act, and RNK has suffered damages in an amount to be provided at trial as a direct and proximate result of AllBrands' actions.

WHEREFORE, RNK, LLC prays as follows:

A.     That process issue against AllBrands, LLC requiring it to respond to the Verified Complaint;

B.     That the Court issue a Temporary Restraining Order prohibiting AllBrands, LLC from making or using any references to Floriani software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement until a hearing can be held on RNK's request for a Preliminary Injunction;

C.     That the Court issue a Preliminary Injunction prohibiting AllBrands, LLC from making or using any references to Floriani software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement.

K KLT 349100 v1
0-0  09/04/2014

D.   RNK, LLC damages in an amount to be proved at trial;

E.   That the Court finds that AllBrands LLC's conduct was the direct and proximate result of AllBrands LLC's breach of the Agreement and award RNK, LLC damages in amount to be proved at trial;

F.   That the Court finds AllBrands LLC's conduct was direct and proximate result of AllBrands LLC's violation of the Lanham Act and award RNK, LLC damages in an amount to be proved at trial; and

G.   That the Court award RNK, LLC any such other relief to which it may be entitled.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF.**

Filed this _4_ day of September, 2014.


## VERIFICATION

STATE OF NEW YORK      )
COUNTY OF WESTCHESTER)

Clifford Wallach, being duly sworn upon oath, deposes and says: a) I am the CEO of RNK Distributing, Inc., Plaintiff in the above-entitled action, and on oath state that I am authorized to execute the above and foregoing verified complaint on behalf of RNK Distributing, Inc.; b) That not all of the facts stated therein are within my personal knowledge; c) The facts stated therein have been assembled by authorized employees and counsel of RNK Distributing, Inc.; and d) That subject to the limitations set forth therein, I am informed the allegations are true and correct.

CLIFFORD WALLACH

Notary Public

My Commission Expires: _8/29/17_

SUZZANNE ANDERSON
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. 301AN6117425
MY COMMISSION EXPIRES AUG 29, 20 17

7

K KLT 349100 v1
0-0  09/03/2014

s/ Kelli L. Thompson
Kelli L. Thompson (BPR No. 13977)
Attorney for Plaintiff
RNK, LLC

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919

8