|  |  |  |
|---|---|---|
| RNK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:14-cv-0413-PLR-CCS |
| v. | ) | |
| | ) | |
| Allbrands, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT ALLBRANDS, LLC

NOW COME counsel for the Defendant Allbrands, LLC, and hereby as and for its responses to the First Amended Complaint of RNK, LLC's, and admitting only so much as is specifically admitted herein, state and aver, as follows:

## I. RESPONSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT.

**Allegation:**

### PARTIES

1. RNK, LLC, ("RNK") is a Tennessee limited liability company whose principal place of business is located at 2562 Western Avenue, Knoxville, Tennessee 37921.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

2. AllBrands, LLC ("AllBrands") is a Louisiana limited liability company whose principal place of business is 3101 Darlrymple Drive, Baton Rouge, Louisiana 70802. AllBrands may be served with process through its registered agent, John Douthat, at 20415 Highlands Road, Baton Rouge, Louisiana 70817.

1

**Response:**

Admitted.

**Allegation:**

3. This is an action for trademark infringement, unfair competition and other related causes arising from AllBrands' violation of its agreements with RNK. AllBrands' use of RNK's trademarks has caused damage to RNK in that such use (1) infringes upon RNK's trademark rights, (2) causes unfair competition, and (3) violates the Tennessee Consumer Protection Act.

**Response:**

Denied.

**Allegation:**

JURISDICTION AND VENUE

4 This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a) as it involves trademark law, under 28 U.S.C. § 1338(b) as it involves unfair competition under 28 U.S.C. §1331 as it involves a federal question and 28 § 1332 as it involves an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. This Court has pendent jurisdiction over the claims that arise under Tennessee law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the trademark laws of the United States. In addition, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and consideration of judicial economy dictates the state and federal issues be tried together.

**Response:**

Admitted.

**Allegation:**

5. Venue is proper in this Court because a substantial part of the events giving rise to these claims arose in this District and Defendant is subject to personal jurisdiction pursuant to Tennessee's long arm statute, T.C.A. § 20-2-201, et seq.

**Response:**

Admitted.

**Allegation:**

FACTS

RNK's Business

6. RNK promotes, markets and sells thread, backing, embroidery hardware and other sewing, quilting and embroidery products to independent dealers and retailers of sewing products in the United States and internationally.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

7. RNK organizes and conducts seminars for its dealers and retailers for their customers. RNK provides speakers and educators to show customers the most current trends and uses of sewing, quilting and embroidery products. Then, the customers purchase products from the dealers, so it is an excellent source of business for the dealers and retailers. RNK, over the years, has become a recognized leader in the industry.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

8. RNK is the entity permitted to license the use of "Floriani" as a trademark or trade name and which developed methods for digitizing embroidery patterns. Walter Floriani is well known to persons with knowledge in the embroidery industry.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

9. RNK entered into a relationship with AllBrands as an independent contractor in October 2007. A copy of the Dealer Agreement is attached as Exhibit A, as well as the RNK Advertising Policy Agreement, attached as Exhibit B.

**Response:**

Admitted.

**Allegation:**

l0. The Dealer Agreement required AllBrands to advertise Floriani digitizing software and Floriani software product lines ("Floriani Software"). The Advertising Policy Agreement required that, upon termination of the Dealer Agreement, AllBrands shall completely remove from its website and other media all infor-

3

mation about the Branded Product, as defined by Paragraph 1 as any products branded in any way with "RNK" or "Floriani" or any other brand name.

**Response:**

No pleading is necessary as to the contents of documents, which speak for themselves. Otherwise, denied.

**Allegation:**

11. RNK had a Joint Venture Agreement with Action Tapes, Inc. d/b/a G7 Solutions ("G7") whereby G7 provided the licenses and software for the Floriani digitizing software. The Joint Venture Agreement was terminated in May of 2014. G7 and Great Notion News, Inc. d/b/a Designs in Machinery Embroidery d/b/a DIME ("DIME") entered into an agreement to provide DIME Inspiration Software in direct competition with the Floriani Software.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

12. Litigation ensued in Texas ("Texas Litigation") between G7, DIME and RNK, and the parties entered into a Compromise Settlement Agreement and Release dated June 2, 2014. The Compromise Settlement Agreement and Release allowed RNK to continue selling the then current brand of Floriani Software until August 1, 2014. In addition, by August 1, 2014, RNK provided its Floriani Dealers and Customers with an update for RNK's new version of Floriani Software. G7 could not market or sell the DIME Inspiration Software until August 1, 2014.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

13. Since June 2, 2014, RNK has returned to Court in the Texas Litigation on two separate occasions because of G7's violations of the requirements of the Compromise Settlement Agreement and Release. Pursuant to the Compromise Settlement Agreement and Release, G7 is required to use only certain wording in their advertising and marketing regarding The DIME Inspiration software.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

14. In addition, until February 1, 2015, G7 is prohibited from comparing the DIME Inspiration Software to new Floriani Software, including features and func-

tions of either program. Until June 2, 2015 G7 is prohibited from disparaging Floriani Software or RNK. G7 and RNK were also prohibited from discussing in writing or verbally with any third-party, including without limitation to any dealer, dealer employee, tradeshow management or any entity or individual active in the sewing, embroidery or vacuum industry, disparaging the other party or making any references to the other party's products and services until June 2, 2015.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

15. On February 20, 2014, RNK advised AllBrands that it was in violation of the Dealer Agreement and Advertising Policy Agreement and demanded that AllBrands take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement. A copy of that notice is attached as Exhibit C. Specifically, A11Brands as selling Floriani Software on eBay at prices below those established by RNK.

**Response:**

No pleading is necessary as to the contents of documents, which speak for themselves. Otherwise, denied.

**Allegation:**

16. AllBrands failed to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement, and as a result, RNK sent AllBrands notice on August 21, 2014 that the Dealer Agreement and Advertising Policy Agreement were terminated. A copy of that Notice is attached as Exhibit D.

**Response:**

No pleading is necessary as to the contents of documents, which speak for themselves. Otherwise, denied.

**Allegation:**

17. The August 21, 2014 notice advised AllBrands that it was to cease and desist from using the Floriani Trademarks by removing all iterations of the trademarks from its website, its retail locations and from any social media under the dominion or control of AllBrands.

**Response:**

No pleading is necessary as to the contents of documents, which speak for themselves. Otherwise, denied.

**Allegation:**

18. AllBrands has failed to do so as evidenced by the attached www.allbrands-.com website printout as Exhibit E.

5

**Response:**

No pleading is necessary as to the contents of documents, which speak for themselves. Otherwise, denied.

**Allegation:**

19. Specifically, AllBrands is advertising the DIME Inspiration Software and DIME Inspiration Software that it "replaces Floriani" Software. Also, AllBrands claims that the "new," meaning RNK's new Floriani Software, released on August 1, 2014, "does not have that capability" meaning customers cannot access their existing Click 2 Stitch C'C2S") embroidery files with the new Floriani Software. This statement is false, and AllBrands has been advised that this statement is not accurate by RNK.

**Response:**

Denied.

**Allegation:**

20. Allbrands' references to the Floriani Software are in violation of the Advertising Policy Agreement, and their conduct is causing irreparable harm to RNK. AllBrands' statements are misleading to consumers causing them to believe RNK's new Floriani Software is inferior to the DIME Inspiration Software. AllBrands is causing RNK irreparable harm because its statements are damaging the goodwill and reputation of the new Floriani Software to dealers and consumers.

**Response:**

Denied.

**Allegation:**

21. AllBrands is effectively allowing G7 to advertise in a manner prohibited by the Compromise Settlement Agreement and Release, and this Court should restrain AllBrands from using references to Floriani Software on its website or comparing the DIME Inspiration Software features and functions to new Floriani Software.

**Response:**

Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same.

**Allegation:**

COUNT I

TEMPORARY RESTRAINING ORDER

6

22. The allegations contained in Paragraphs 1-21 are incorporated herein by reference.

**Response:**

No pleading is necessary to an incorporation paragraph.

**Allegation:**

23. Pursuant to Rule 65 (b) of the Federal Rules of Civil Procedure, RNK has demonstrated a likelihood of success on the merits and that it will suffer irreparable harm if the injunction is not issued.

**Response:**

Denied.

**Allegation:**

24. Issuance of a TRO will not cause substantial harm to AllBrands if it is issued.

**Response:**

Denied.

**Allegation:**

25. The issuance of a TRO will serve public interest.

**Response:**

Denied.

**Allegation:**

26. Issuance of a TRO before a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure is proper.

**Response:**

Denied.

**Allegation:**

27. The Court should enter a TRO prohibiting AllBrands from making or using any references to Floriani software either on its website or to customers, potential customers or third parties.

**Response:**

Denied.

**Allegation:**

COUNT 2

PRELIMINARY INJUNCTION

28. The allegations contained in Paragraphs 1-27 are incorporated herein by reference.

**Response:**

No pleading is necessary to an incorporation paragraph.

**Allegation:**

29. Pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure, RNK has demonstrated a likelihood of success on the merits and that it will suffer irreparable harm if the preliminary injunction is not issued.

**Response:**

Denied.

**Allegation:**

30. Issuance of a preliminary injunction will not cause substantial harm to AllBrands if it is issued.

**Response:**

Denied.

**Allegation:**

31. The issuance of a preliminary injunction will serve the public interest.

**Response:**

Denied.

**Allegation:**

32. The harm to RNK will be irreparable because AllBrands is effectively allowing G7 to compete in a manner prohibited by the Compromise Settlement Agreement and Release in the Texas Litigation.

**Response:**

Denied.

**Allegation:**

33. The Court should enter a preliminary injunction prohibiting AllBrands, LLC from making or using any references to Floriani software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement.

8

**Response:**

Denied.

**Allegation:**

COUNT 3

BREACH OF CONTRACT

34 The allegations of Paragraphs 1-33 are incorporated herein by reference.
**Response:**

No pleading is necessary to an incorporation paragraph.
**Allegation:**
35. AllBrands has breached the Dealer Agreement and Advertising Policy Agreement between it and RNK. During its term, AllBrands sold Floriani Software and products on eBay in violation of § 1.07 of the Dealer Agreement. Following termination of the Dealer Agreement, AllBrands continued to refer to Floriani Software on its website in violation of the Advertising Policy Agreement.
**Response:**

Denied.

**Allegation:**
36. RNK has suffered damages in an amount to be proved at trial as a direct and proximate result of AllBrands' actions.
**Response:**

Denied.

**Allegation:**

COUNT 4

VIOLATION OF THE LANHAM ACT

37. The allegations of Paragraphs 1-36 are incorporated herein by reference.
**Response:**
No pleading is necessary to an incorporation paragraph.
Denied.

**Allegation:**
38. RNK owns the trademarks for Floriani Total Control, Floriani Cut-All, Floriani (multiple), and Villa Floriani ("Floriani Trademarks") as evidenced by the registrations attached hereto as Exhibit F.

**Response:**

Denied.

**Allegation:**
    39. AllBrands' use of the Floriani Trademarks is in violation of the Lanham Act 15 U.S.C. § 1125, and such constitutes unfair competition in violation of Section 43(a) of the Lanham Act.

**Response:**

Denied.

**Allegation:**
    40. AllBrands' statements that the new Floriani Software does not allow customers to access C2S embroidery files constitutes false advertising, and AllBrands' statements are causing likelihood of confusion among consumers and damaging the business reputation and goodwill of the Floriani Software and RNK's business.

**Response:**

Denied.

**Allegation:**
    41. AllBrands' wrongful acts have caused, and unless enjoined by this Court, will continue to cause irreparable injury and will in the Floriani trademarks, for which RNK has no adequate remedy at law.

**Response:**

Denied.

**Allegation:**
    42. AllBrands' wrongful acts have been deliberate and willful.

**Response:**

Denied.

**Allegation:**
    43. AllBrands' acts result in this case being considered exceptional under 15 U.S.C. § 1117.

**Response:**

Denied.

**Allegation:**
    44. RNK is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1116, and 1118, including but not limited to preliminary and permanent injunctive

relief and damages, including AllBrands' profits, RNK's damages, treble damages, reasonable attorney's fees, costs, pre-judgment interest, and post-judgment interest.

**Response:**

Denied.

**Allegation:**

COUNT 5

Common Law Trademark Infringement

45. The allegations of Paragraphs 1~44 are incorporated herein by reference.
**Response:**

No pleading is necessary to an incorporation paragraph.

**Allegation:**

46. RNK is the owner of the Floriani Trademarks, which are distinctive and recognized as denoting high quality services to the purchasing public throughout the United States. Due to such reputation and public awareness, RNK has established good will in connection with the Floriani Trademarks.
 **Response:**

As to the alleged ownership, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations and accordingly denies the same. Otherwise denied.

**Allegation:**

47. AllBrands' use of the Floriani Trademarks is likely to cause confusion or mistake and has and will deceive the public into associating the old Floriani Software with the DIME Inspiration Software.
 **Response:**

Denied.

**Allegation:**

48. RNK has suffered, and will continue to suffer, irreparable harm to its reputation and goodwill.
**Response:**

Denied.

**Allegation:**

49. AllBrands' wrongful acts constitute common law trademark infringement for which RNK has no adequate remedy at law.

**Response:**

Denied.

**Allegation:**

COUNT 6

Common Law Unfair Competition

50. The allegations of Paragraphs l-49 are incorporated herein by reference.

**Response:**

No pleading is necessary to an incorporation paragraph.

**Allegation:**

51. AllBrands' use of one or more of the Floriani Trademarks is likely to cause confusion or mistake with the public and is disparaging to the new Floriani Soft-ware.

**Response:**

Denied.

**Allegation:**

52. Allbrands' actions were fraudulent, reckless, malicious, or committed inten-tionally to harm RNK.

**Response:**

Denied.

**Allegation:**

53. These acts constitute unfair competition for which RNK has no adequate rem-edy at law.

**Response:**

Denied.

**Allegation:**

COUNT 7

Violation of the Tennessee Consumer Protection Act

54. The allegations of Paragraphs 1-53 are incorporated herein by reference.

**Response:**

No pleading is necessary to an incorporation paragraph.

**Allegation:**

55. AllBrands' acts constitute unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq.

**Response:**

Denied.

**Allegation:**

56. AllBrands' acts further violate numerous other provisions of the Tennessee Consumer Protection Act including, but not limited to, false representations about the new Floriani Software, causing likelihood of confusion or misunderstanding as to the features of the new Floriani Software verses the DIME Inspiration Software to consumers which thereby caused direct harm to the goodwill and reputation of RNK.

**Response:**

Denied.

**Allegation:**

57. AllBrands' acts were willful and knowing entitling RNK to all available remedies under the Tennessee Consumer Protection Act, including but not limited to injunctive relief, damages, treble damages, attorney's fees, costs, pre-judgment interest and post-judgment interest.

**Response:**

Denied.

**Allegation:**

WHEREFORE, RNK, LLC prays as follows:

A. That process issue against AllBrands, LLC requiring it to respond to the First Amended Complaint;

B. That the Court issue a Temporary Restraining Order prohibiting AllBrands, LLC from making or using any references to Floriani Software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement until a hearing can be held on RNK's request for a Preliminary Injunction;

C. That the Court issue a Preliminary Injunction prohibiting AllBrands, LLC from making or using any references to Floriani Software either on its website or to customers, potential customers or third parties and to take all necessary steps to comply with the Dealer Agreement and Advertising Policy Agreement;

D. That the Court find that AllBrands, LLC's conduct was the direct and proximate result of AllBrands, LLC's breach of the Dealer Agreement and the Advertising Policy Agreement;

E. That the Court find that AllBrands, LLC's conduct was and is in violation of the Lanham Act, constitutes common law trademark infringement, common law unfair competition, and violates the Tennessee Consumer Protection Act;

F. Award RNK, LLC damages based on AllBrands' profits, RNK's damages, treble damages, punitive damages, reasonable attorney's fees, litigation expenses, costs, pre- judgment interest, and post-judgment interest in an amount to be proved at trial; and

G. That the Court award RNK, LLC any such other relief to which it may be entitled.

**Response:**

Denied that RNK is entitled to any relief of any kind.

## II. AFFIRMATIVE DEFENSES.

NOW COMES Defendant, and asserts as and for its Affirmative Defenses, as follows:

58. The pleaded contracts purporting to control the conduct of others are void as constituting unlawful restraints of trade.

59. RNK's Counts 1 and 2 are not causes of action, but rather are requests for relief.

60. The Plaintiff is entitled to no relief whatsoever, and whether as set forth in its Prayer for Relief or otherwise.

61. The Amended Complaint fails to state a claim upon which relief may be granted.

62. The claims asserted and the relief sought in the Amended Complaint by Plaintiff are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

63. No sales have been diverted from the Plaintiff but-for the alleged commercial activities of the Defendant, wherefore the Plaintiff has no cognizable damages herein.

64. The Defendant has not used any trademarks of the Plaintiff, and such alleged trademark is invalid.

65. The Defendants have not passed-off any goods or services, as constituting those of the Plaintiff.

66. The Defendant has not engaged in any deceptive practices or unfair competition, and all of its advertising has been truthful and non-deceptive.

67. The Defendant at all times had clearly stated its identity to customers, wherefore there is no confusion, actual or likely.

68. Plaintiff's attempted application of federal and/or state law infringes on the Defendant's free speech rights.

69. There is no likelihood of confusion, mistake or deception by virtue of any conduct of the Defendant.

70. There has been no misrepresentation and/or trademark infringement and/or false advertising by virtue of any conduct of the Defendant.

71. No conduct by the Defendant designates a false origin of any goods or services.

72. There have been no state law infringements, and no deceptive practices or unfair competition, by virtue of any conduct of the Defendant.

73. Plaintiff has suffered no compensable injury.

74. Plaintiff has failed to mitigate any such alleged damages.

75. Plaintiff has not met the requirements for injunctive relief.

76. The Defendant has acted in good faith and/or with justification.

77. Plaintiff lacks standing to bring one or more of the counts alleged, and /or has failed to join indispensable parties.

78. Plaintiff comes to Court with unclean hands, and thus is entitled to no relief from the Court, whether at law or at equity.

79. The accused trademarks were not created by Plaintiff.

80. The Plaintiff was not the first entity to adopt the marks.

81. Plaintiff's representations to the trade have been false, knowingly false, misleading and/or fraudulent.

82. Any alleged use of the Plaintiff's purported trademarks by the Defendant has been a fair use.

83. The alleged trademark is not a famous mark.

84. The Defendants reserve the right to assert any other affirmative defenses during the course of this action.

## III. ALLBRANDS' COUNTERCLAIMS

COMES NOW, Plaintiff, Allbrands. ("Allbrands"), hereby files its Counterclaims against Counterclaim Defendant, RNK LLC ("RNK"), and states, as follows:

85. AllBrands, LLC ("AllBrands") is a Louisiana limited liability company whose principal place of business is 3101 Darlrymple Drive, Baton Rouge, Louisiana 70802.

86. RNK, LLC ("RNK") is a Tennessee limited liability company whose principal place of business is located at 2562 Western Avenue, Knoxville, Tennessee 37921.

87. This is an action for trade secret misappropriation under the "The Uniform Trade Secrets Act." of Tennessee, Tenn. Code Ann. §§ 47-25-1701 through 47-25-1709, and under the common law and/or further statutory law of the State of Tennessee for Intentional Interference with Current and Prospective Business Relations, Breach of Contract, Theft and Misappropriation, Breach of Fiduciary Duty, Intentional Interference with Contractual Relations, Procurement of Breach of Contract, Unfair Competition, and the Tennessee Consumer Protection Act.

JURISDICTION AND VENUE

88. This Court has subject matter jurisdiction over this action under 28 § 1332 as it involves an action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000, and under 28 § 1367 as it involves counterclaims.

89. This Court has personal jurisdiction over the Counterclaim Defendant RNK because it resides in and does business in Tennessee, and further because it has irretrievably submitted itself to the jurisdiction of this Court by having filed the present action before this Tennessee court.

90. Venue is proper in this Court because a substantial part of the events giving rise to these claims arose in this District and because Counterclaim Defendant RNK has filed the present action before this Court.

91. Since at least as early as 1998, Allbrands has sold sewing and related equipment via the Internet, as well as in a multiplicity of brick-and mortar stores, and at all times has emphasized customer care and satisfaction.

92. As a result, a large percentage of Allbrands' business is repeat business from these loyal and existing customers, *inter alia,* in purchasing upgrades and in referring new buyers. Therefore, customer relations and goodwill are vital to Allbrands' success.

93. In connection with its business, Allbrands has expended substantial time, labor, and money to research and develop the following, *inter alia*: skills, methods, techniques, plans, programs, processes, data, forms and policies which, singularly and collectively, constitute trade secrets and confidential and proprietary information of Allbrands. This trade secret and confidential and proprietary information includes, but is not limited to: customer lists, customer contacts

and other customer information, sales and marketing methods, strategies, practices and information, financial information, cost and pricing information, and other confidential information.

94. In particular, Allbrands spends a significant amount of time and resources developing and maintaining its customer base and it emphasizes customer relations and customer service.

95. Allbrands' trade secret and confidential and proprietary information is neither available to nor known by the general public or to Allbrands' competitors. Allbrands does not publish or sell its trade secret or confidential and proprietary information and such information is not available to the general public. Allbrands has taken substantial measures and exercised significant due diligence in preventing its trade secret and confidential and proprietary information from being available to persons other than those selected by Allbrands. Allbrands imposes significant restrictions on the number of persons who have access to Allbrands' trade secret and confidential and proprietary information. The persons selected by Allbrands to receive such confidential and proprietary information are obligated, either under contract or by virtue of their fiduciary duty to Allbrands or an affiliate, to have access to this information on a confidential basis in order to further and protect Allbrands' business.

96. AllBrands entered into a dealer relationship with RNK in October of 2007 regarding the Floriani software for use in various sewing functions, in which dealer relationship Allbrands' actions thereunder were dominated by and/or substantially controlled by RNK, and accordingly pursuant to which RNK owed a fiduciary duty of utmost good faith and fair dealing to Allbrands.

97. Pursuant to such dealer relationship, Allbrands customers were required to register the Floriani software purchased from Allbrands, which inherently revealed their contact information.

98. Due to malfunction of such Floriani software, Floriani replacement software "FTC-U" was necessary in order to render the Floriani software adequately functional in various significant applications. Pursuant thereto, RNK had covenanted to deliver Floriani replacement software FTC-U discs to AllBrands by August 15, 2014 for distribution by Allbrands to its customers. Nonetheless, RBK refused to deliver such software to Allbrands for distribution to its customers. Instead, RNK cancelled AllBrands as a Floriani dealer on August 21, 2014. Whereupon, RNK obtained the identities and contact information for more than 500 AllBrands customers that had purchased the Floriani software from Allbrands, and then subsequently in August of 2014 RNK referred Allbrands' customers to competitor dealers for the necessary replacements of Floriani FTC software with FTC-U replacement.

99. However, RNK only had software licensee access to, but did not own or have rightful usage of the AllBrands customer contact information database and the software registration database, wherein customers had registered their original Floriani software online. This customer information was always owned by AllBrands, and by no other entity, and to the extent made available to others was done so for a specific, defined and limited purpose.

100. As a result, Allbrands has been injured by this conduct of RNK. Specifically, AllBrands was deprived by RNK of the opportunity to provide to its own customers the FTC-U discs. Moreover, and if such discs had not been withheld by RNK, and had instead arrived on August 15, 2014 as RNK had promised, AllBrands would have distributed them to its own customers. Wherefore, and by referring Allbrands' customers to competitor dealers, AllBrands has lost the lifetime value of those embroidery software customers.

## CAUSES OF ACTION

## CLAIM I

### Violation of the Tennessee Uniform Trade Secrets Act

101. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

102. Under the Tennessee Uniform Trade Secrets Act ("TUTSA") and common law, this Court may enjoin the actual or threatened misappropriation of Allbrands' trade secrets as well as award money damages.

103. Allbrands has developed information that is trade secret including, but not limited to, customer contract information, technical, nontechnical and data, formulas, patterns, compilations, programs, methods, techniques, processes, and plans that derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other person who can obtain economic value from their disclosure or use.

104. RNK had access to and knowledge of this valuable information for a specific and limited purpose, and was not authorized to transmit this information to any other entity.

105. Allbrands' confidential and proprietary information, including information relating to the identity of its customers is protected as trade secret under TUTSA, because: Allbrands uses this information, which is included in a compilation, in order to conduct business; Allbrands' confidential information derives significant independent economic value from not being publicly known and from not being generally known in Allbrands' trade or business; Allbrands' confidential information cannot be readily ascertained or derived from publicly available information; and, Allbrands takes reasonable efforts to maintain the confidentiality and secrecy of its confidential information and limiting access to that information.

106. Allbrands' trade secrets were communicated to RNK, and while RNK was in a position of trust and confidence with Allbrands.

107. Upon information and belief, RNK has intentionally used Allbrands' trade secrets for various improper purposes, including soliciting Allbrands' customers and attempting to induce these customers to breach contractual agreements with Allbrands.

108. Allbrands has suffered damages as a result of the misappropriation of trade secrets by RNK and the use of such information by Counterclaim Defendant RNK.

109. Upon information and belief, the misappropriation and use of Allbrands' trade secrets was willful and malicious.

110. Allbrands has no adequate remedy at law for Counterclaim Defendant's actions since the damages that Allbrands has suffered as a result of the use and divulgence of its trade secret information, as well as the loss of its business expectancies, are incapable of exact proof.

111. Tennessee law explicitly states that injunctive relief is available based on a misappropriation of trade secret claim. TENN. CODE ANN.§ 47-25-l 703(a).

112. Counterclaim Defendant will continue to use and misappropriate Allbrands' trade secrets and cause irreparable harm unless Counterclaim Defendant is permanently enjoined from such conduct. Accordingly, permanent injunction enjoining Counterclaim Defendant from continuing their actions is a necessary remedy if Allbrands is to obtain meaningful relief.

113. Allbrands is entitled to have any misappropriated trade secret or confidential and proprietary information returned to its sole control.

114. Counterclaim Defendant's misappropriation of Allbrands' information and data is the direct and proximate cause of reputational damage to Allbrands. Allbrands' entire business is

built on its goodwill and integrity. The loss of goodwill and reputation is irreplaceable. The reputational harm caused by Counterclaim Defendant's wrongful actions is irreparable.

115. Failure to obtain an injunction will cause additional irreparable harm.

116. Granting an injunction will not cause harm to Counterclaim Defendant. Counterclaim Defendant is not in lawful possession of trade secret and confidential and proprietary Allbrands information.

117. Granting an injunction will not cause harm to third parties. Instead, third parties will benefit from the granting of an injunction. An injunction will prevent Counterclaim Defendant from continuing to deceive the public.

118. Allbrands is likely to prevail on the merits of this claim.

119. There is a strong public interest in preserving the security and confidentiality of trade secret information. This policy is evidenced by the TUTSA. Failure to protect trade secret information would cause great and widespread harm to the state and national economy.

120. Counterclaim Defendant's actions in this regard, directly and proximately, caused Allbrands' significant harm, for which it is entitled to damages against Counterclaim Defendant in an amount to be determined at trial.

121. Allbrands is also entitled to exemplary damages under the statute.

122. Allbrands is entitled to reasonable attorneys' fees under the statute.

## CLAIM 2

### Intentional Interference with Current and Prospective

### Business Relations

123. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

124. Allbrands has existing and prospective business relationships with third parties that were affected as a result of Counterclaim Defendant's actions.

125. Counterclaim Defendant had actual and/or constructive knowledge of these relationships, expectancies, and opportunities, and had specific knowledge of certain of Allbrands' business relations and prospective business relations.

126. Counterclaim Defendant's willful actions of contacting current Allbrands customers in effort to persuade them to cease relationships with Allbrands constitutes intentional and wrongful interference with existing contracts, as well as potential future contracts, with third parties.

127. Allbrands has suffered damages as a result of Counterclaim Defendant's wrongful, intentional and wrongful interference with business relations.

128. Counterclaim Defendant's actions in this regard, directly and proximately, cause Allbrands significant harm, for which it is entitled to damages against Counterclaim Defendant in an amount to be determined at trial.

129. The interference with Allbrands' business relationships by Counterclaim Defendant was willful and malicious.

130. Allbrands is entitled to punitive damages.

## CLAIM 3

### Breach of Contract

131. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

132. RNK had covenanted based upon full, adequate and sufficient consideration to provide corrective software to Allbrands by a date certain, but failed without adequate excuse to do so.

133. Such actions by RNK constitute breach of contract.

134. RNK's actions in this regard, directly and proximately, caused significant harm to Allbrands, for which it is entitled to damages, in an amount to be determined at trial.

## CLAIM 4

### Theft and Misappropriation

135. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

136. RNK retained, distributed and utilized Allbrands' confidential and proprietary information to benefit RNK and themselves.

137. Upon information and belief, RNK deceitfully and fraudulently retained Allbrands' information without the knowledge and consent of Allbrands and in violation of their fiduciary duty not to do so.

138. RNK knowingly, intentionally, recklessly, dishonestly and negligently misused and misappropriated Allbrands' property for its own personal gain, in promoting and conducting the operation of RNK.

139. RNK purposefully and wrongfully utilized Allbrands' confidential and proprietary information to support and personally profit from RNK.

140. RBK's actions in this regard, directly and proximately, have caused Allbrands significant harm, for which it is entitled to damages in an amount to be determined at trial.

## CLAIM 5

### Breach of Fiduciary Duty

141. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

142. RNK owed a fiduciary duty of loyalty to Allbrands.

143. RNK unlawfully disseminated confidential and proprietary information disclosed to them by Allbrands. In conducting these activities, RNK breached its fiduciary duty of loyalty owed to Allbrands.

144. Such actions of RNK were not in good faith and were against Allbrands' business interests.

145. RNK's actions in this regard, directly and proximately, caused significant harm to Allbrands, for which it is entitled to damages in an amount to be determined at trial.

146. Upon information and belief, RNK acted intentionally, willfully, and maliciously in taking these actions.

147. Allbrands is entitled to punitive damages.

## CLAIM 6

### Intentional Interference with Contractual Relations

148. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

149. Allbrands has valid and binding contracts with third parties – i.e., Allbrands customers.

150. Counterclaim Defendant has knowledge of these contracts.

151. Upon information and belief, Counterclaim Defendant conspired with the intent to have Allbrands Owners violate the terms of their contracts.

152. Upon information and belief, as a direct and proximate result of this intentional interference, a significant number of Allbrands customers were induced to breach and did breach their contracts with Allbrands.

153. Upon information and belief, Counterclaim Defendant RNK acted intentionally, willfully, and maliciously by interfering with the Allbrands customers' contracts.

154. Counterclaim Defendant's actions in this regard, directly and proximately, caused Allbrands significant harm, for which it is entitled to damages against Counterclaim Defendant in an amount to be determined at trial.

155. Allbrands is entitled to punitive damages.

## CLAIM 7

### Procurement of Breach of Contract TENN. CODE ANN.§ 47-50-109

156. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

157. Allbrands has valid and binding contracts with third parties, Allbrands customers.

158. Counterclaim Defendant had knowledge of these contracts.

159. Upon information and belief, Counterclaim Defendant determined and decided to induce Allbrands customers to violate the terms of their contracts.

160. Upon information and belief, Counterclaim Defendant used inducement, persuasion, misrepresentation, or other means, to induce or procure the breach of violation, refusal or failure to perform Allbrands customers' lawful contracts.

161. Upon information and belief, as a direct and proximate result of this procurement, a significant number of Allbrands customers were induced to breach and did breach their contracts with Allbrands.

162. Counterclaim Defendant's actions in this regard, directly and proximately, caused Allbrands significant harm, for which it is entitled to damages against Counterclaim Defendant in an amount to be determined at trial.

163. Allbrands is entitled to punitive damages.

164. Allbrands is entitled to treble damages under the statute.

## CLAIM 8

### Unfair Competition

165. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

166. Upon information and belief, RNK have engaged in unfair competition in violation of Tennessee law by using Allbrands' confidential and proprietary information in violation of their fiduciary or contractual obligations.

167. Upon information and belief, RNK has engaged in unfair competition in violation of Tennessee law by using and/or intending to use Allbrands' confidential and proprietary information to solicit Allbrands customers.

168. Upon information and belief, RNK has engaged in unfair competition in violation of Tennessee law by using and/or intending to use Allbrands' confidential and proprietary information to establish competing business strategies.

169. Counterclaim Defendant's actions in this regard, directly and proximately, have caused Allbrands significant harm, for which it is entitled to damages against Counterclaim Defendant, in an amount to be determined at trial.

170. Allbrands is entitled to punitive damages.

## CLAIM 9

### Violation of the Tennessee Consumer Protection Act

### TENN. CODE ANN.§ 47-18-101, et seq.

171. Allbrands incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

172. Counterclaim Defendant's acts constitute unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act.

173. Upon information and belief, Counterclaim Defendant wrongfully acquired confidential and proprietary information for use in a competing enterprise through deceptive means.

174. Upon information and belief, RNK's subsequent use of Allbrands' confidential and proprietary information is intentional or with reckless disregard for the deceptive means through which the information was acquired.

175. Counterclaim Defendant's actions and/or omissions constitute unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act.

176. Counterclaim Defendant's actions in creating the impression that other competing dealers of Counterclaim Defendant are a part of or affiliated with Allbrands constitutes unfair and/or deceptive practices in violation of the Tennessee Consumer Protection Act.

177. Upon information and belief, Counterclaim Defendant acted in a concerted effort to take the actions which violated the Tennessee Consumer Protection Act.

178. Counterclaim Defendant's actions in this regard caused an ascertainable loss of money and things of value.

179. Counterclaim Defendant acted willfully and maliciously in violating the Tennessee Consumer Protection Act.

180. Upon information and belief, Counterclaim Defendant's actions in this regard, directly and proximately, caused significant harm to Allbrands, for which it is entitled to damages against Counterclaim Defendant, RNK in an amount to be determined at trial.

181. Allbrands is entitled to treble damages under the statute.

182. Allbrands is entitled to reasonable attorneys' fees under the statute.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Allbrands prays for the following relief:

a. Compensatory damages against Counterclaim Defendant RNK in an amount to be determined at trial, but not less than $500,000.

b. Punitive and exemplary damages against Counterclaim Defendant in an amount to be determined at trial.

c. An award of treble damages and reasonable attorneys' fees, costs and expenses to Allbrands.

d. That this Court issue, after a hearing, a preliminary injunction restraining and enjoining Counterclaim Defendant or their agents and/or employees and others acting in concert therewith:

i. from continuing Counterclaim Defendant's misappropriation of Allbrands' trade secret and confidential information and proprietary information in violation of Tennessee's Uniform Trade Secrets Act;

ii. from using or disclosing any trade secret or confidential and proprietary information of Allbrands for any purpose;

iii. from contacting any Allbrands customers in regard to Allbrands' business relationship with that Allbrands Owner; and,

iv. from attempting to delete, modify, alter, or otherwise destroying, intentionally, inadvertently, or automatically, any potentially discoverable and/or relevant information located on any business operated servers, laptops or other computers, cellular phones, handheld devices (i.e., iPhones, Blackberries, or similar devices), personal computers, or any other devices capable of storing electronic information.

e. An award of pre- and post- judgment interest on any award of damages to the fullest extent allowed by law.

f. Such other and further relief, both legal and equitable as may be proper.

g. A trial by jury on all claims so triable.

Respectfully submitted this 29th day of September, 2014,

Respectfully submitted,

***/s/ E. Jerome Melson***
E. Jerome Melson
Gentry, Tipton & McLemore, P.C.
900 South Gay Street, Suite 2300
Knoxville, TN 37902
Telephone: (865) 525-5300
Facsimile: (865) 637-6761
ejm@tennlaw.com

/s/ **_Robert M. Ward_**
Robert M. Ward
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
rward@dilworthip.com
(pending pro hac vice admission)

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Court's CM/ECF. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ **_E. Jerome Melson_**

*One of the Attorneys for Defendant*